# BARTON

**Maurice N. Ross, Esq.**
DIRECT: 212-885-8845
EMAIL: mross@bartonesq.com

January 27, 2025

**BY ECF & EMAIL**

Honorable John P. Cronan
United States District Judge
Southern District of New York
CronanNYSDChambers@nysd.uscourts.gov

ATTORNEYS AT LAW
_____

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262  Office
(212) 687.3667  Fax
_____

bartonesq.com

Re:    ***Viktor Leshchenko v. Go New York Tours Inc. d/b/a TopView*, 24-cv-08790 (JPC)**
       **Stay of Discovery Pending Decision on Defendant's Rule 12(b)(6) Motion to Dismiss**

Your Honor:

      This firm represents defendant Go New York Tours Inc. d/b/a TopView Sightseeing ("**Defendant**"), in the above-referenced action (the "**Action**"). I write pursuant to Rule 5(C) of the Court's individual rules, and Rule 26(c) of the Federal Rules, to respectfully request that all discovery in the Action be stayed pending the Court's decision on Defendant's Rule 12(b)(6) motion to dismiss the complaint.

      **(I)**    **Background**

      On November 19, 2024, Viktor Leshchenko ("**Plaintiff**") filed the Action, alleging retaliation under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), the New York State Human Rights Law ("**State HRL**"), and the New York City Human Rights Law ("**City HRL**"). (ECF No. 1.) On December 17, 2024, Defendant filed a pre-motion letter, requesting permission to file a Rule 12(b)(6) motion. (ECF No. 12.) Plaintiff opposed. (ECF No. 14.) On December 20, the Court granted Defendant's request (ECF No. 15), and Defendant filed its motion on January 24. (ECF Nos. 20 & 21.)

      Pursuant to the Court's December 20, 2024 Order (ECF No. 15), on January 17, 2025, the parties filed a proposed case management plan (ECF No. 18), which the Court endorsed on January 22. (ECF No. 19.) Counsel have conferred regarding a stay of discovery, and Plaintiff does not consent.

      **(II)**    **Legal Standard**

      "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks and citations omitted). When a party seeks a stay pending a decision on a dispositive motion, courts evaluate "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437

New York | Los Angeles | Nashville



(RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (internal quotation marks and citations omitted). Specifically, courts generally consider the following factors: "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d at 677 (internal quotation marks and citations omitted).

**(III)    There is Good Cause to Stay Discovery.**

A.    Discovery Will be Unduly Burdensome to Defendant.

Neither party has served discovery requests. However, based on the allegations in the complaint, it seems likely that there will be at least eight depositions: one for each person identified in the complaint (Leshchenko, Crowley, Barbato, Ricky, Cromwell, Torrez, Tierny), plus the 30(b)(6) deposition of the corporation. That does not include any witnesses Plaintiff may call who are not named in the complaint, nor any additional defense witnesses. Also, there will be written discovery, and potentially expert discovery related to Plaintiff's alleged emotional distress.

Defendant seeks dismissal of Plaintiff's entire case. Consequently, if the Court grants Defendant's motion, there will be no discovery. Under the circumstances, it would be a waste of Defendant's time, money, and other resources to proceed with discovery. *See Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); *see also Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("[B]ecause succeeding on each argument alone may warrant dismissal of Plaintiff s entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant.").

B.    Staying Discovery Will Not Prejudice Plaintiff.

The complaint was filed on November 19, 2024 (ECF No. 1), and briefing on Defendant's motion will be completed on March 14, 2025. (ECF No. 17.) A short stay of discovery pending the Court's decision on the motion is unlikely to result in the loss of evidence or witnesses, nor is such a stay likely to impact the memory of any witnesses. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19 CIV. 9155 (ER), 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting stay and noting that, "only four months have passed since the Attorney General filed the Complaint."); *see also Rivera v. Heyman*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *see also Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2 (granting stay and noting  that "it cannot be said that a limited stay of discovery will result in the destruction or loss of relevant evidence").

C.    Defendant Has Made a Substantial Showing that the Action Should Be Dismissed.

Defendant's motion is not based on technical pleading deficiencies. Rather, Defendant has made substantial arguments that go to the merits of Plaintiff's claims. Specifically, Defendant contends that Plaintiff has: (i) failed to plausibly allege protected activity; and (ii) failed to

# BARTON

plausibly allege that Defendant understood Plaintiff to be opposing conduct prohibited by Title VII, the State HRL, or the City HRL. (ECF No. 21 at 4-12.) If the Court is persuaded by either argument, Plaintiff has failed to state a claim for retaliation as a matter of law, and the Action must be dismissed.

Although there is a split of authority within the Second Circuit about the standard that should be applied to evaluate the strength of a pending dispositive motion—"substantial grounds" versus "not without foundation in the law"—here, a stay of discovery is warranted under either standard. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting stay, contrasting the substantial grounds standard with the nonfrivolous standard, and explaining that "substantial arguments for dismissal" means "a strong showing that the plaintiff's claim is unmeritorious"); *see also Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (granting stay where defendant made nonfrivolous arguments to dismiss entire complaint); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay where defendant made "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"); *see also Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (granting stay where the motion included several substantial arguments for dismissal); *see also Niv v. Hilton Hotels Corp.*, No. 06 CIV. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting stay where "defendants' motion appears not to be unfounded in the law"); *see also Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay and noting that the "motion to dismiss … is potentially dispositive, and appears to be not unfounded in the law"); *see also Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay, commenting that, "[i]f the Court were convinced that defendant had a minimal probability of success on its dispositive motion or that such a motion was merely a delay tactic, then a stay of discovery would be denied," and concluding that "the motion, upon preliminary examination, appears to be substantially grounded").

**(IV)** <u>Conclusion</u>

In addition to the factors described above, staying discovery would be consistent with the purpose of Rule 12(b)(6), as well as U.S. Supreme Court and Second Circuit precedent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664-65 (2009) (holding that, "because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"); *see also Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (noting that Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding"); *see also Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) (recognizing that "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery."); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (observing that, except for limited exceptions inapplicable here, "discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim").

On behalf of Defendant, I thank the Court for its consideration.

# BARTON

Hon. John P. Cronan
U.S. District Judge, S.D.N.Y.
January 27, 2025
Page 4 of 4

Respectfully submitted,

**BARTON LLP**

/s/ *Maurice N. Ross*

Maurice N. Ross
Joseph H. Harris
711 Third Avenue, 14th Floor
New York, New York 10017
P: (212) 885-8845
F: (212) 687-3667
E: mross@bartonesq.com

*Attorneys for Defendant,*
*Go New York Tours, Inc.*

cc:     **BY ECF**

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC
*Attorneys for Plaintiff*

Blake L. Ferris, Esq.
bferris@tpglaws.com

Morgan L. Mickelsen, Esq.
mmickelsen@tpglaws.com

Brittany A. Stevens, Esq.
bstevens@tpglaws.comp

On or before February 13, 2025, Plaintiff shall file a letter response of no more than three pages to the instant request for a discovery stay.

SO ORDERED.
Date: February 6, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge