

*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

February 11, 2025

**Via ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl St., Courtroom 12D
New York, NY 10007-1312

      **Re: Viktor Leshchenko v. Go New York Tours Inc. d/b/a TopView**
          **Case No.: 24-cv-08790 (JPC)**
          **Letter Response to Defendant's Motion Requesting a Stay of Discovery**

Dear Judge Cronan,

    This firm represents Plaintiff, Viktor Leshchenko (hereinafter "Plaintiff") in the above-referenced action. Plaintiff submits this letter pursuant to this Court's February 6, 2024, Order (ECF No. 23) and responds to Defendant's letter motion to stay discovery in this matter as follows:

    **I.    Background**

    On November 19, 2024, Plaintiff filed this action in this Court, alleging retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") (ECF No. 1). On December 17, 2024, Defendant filed a pre-motion letter, requesting leave to file a 12(b)(6) motion to dismiss this action. (ECF No. 12). On December 14, 2024, Plaintiff filed his letter in opposition to Defendant's request for leave to file a 12(b)(6) motion (ECF No. 14). On December 20, the Court granted Defendant's request for leave to file its motion (ECF No. 15). On January 17, 2025, the parties filed a proposed case management plan in this matter (ECF No. 17), which this Court endorsed in their subsequent scheduling order issued on January 22, 2025 (ECF No. 19). On on January 24, 2025, Defendant filed its 12(b)(6) motion to dismiss Plaintiff's Complaint (ECF Nos. 20 & 21). Finally, on January 28. 2025, Defendant filed a motion to stay discovery in this matter (ECF No. 22).

    **II.    Response to Defendant's Motion**

    As noted in Defendant's Motion (ECF 22), Plaintiff does not consent to Defendant's application to the Court to stay discovery in this matter. While Plaintiff has yet to file his opposition to Defendant's 12(b)(6) motion, it is Plaintiff's position that Defendant's motion to dismiss is meritless, and therefore Defendant fails to establish good cause sufficient to warrant a stay in discovery in this matter.

A court may, on a showing of "good cause," stay discovery while a motion to dismiss is pending. *RBG Mgmt. Corp. v. Vill. Super Mk.t, Inc.*, 22-cv-07996 (JLR), 2023 U.S. Dist. LEXIS 12210, at *3 (S.D.N.Y. Jan. 24, 2023). Moreover, "Discovery should not be routinely stayed simply because a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In evaluating a motion to stay discovery, "[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.,* 316 F. Supp 3d 675, 677 (S.D.N.Y. 2018). With respect to the "strength of the motion" factor, the court must consider "whether the party seeking the stay has 'substantial arguments for dismissal,' or whether 'the plaintiff's claim is unmeritorious'". *RBG Mgmt. Corp.*, 2023 U.S. Dist. LEXIS 12210, at *4 (S.D.N.Y. Jan. 24, 2023).

Here, Defendant does not carry their burden to show good cause. First, a delay in discovery could prejudice Plaintiff, as evidence he may use to support his allegations are vulnerable to spoliation without efficient discovery. Second, though Plaintiff has not yet submitted his opposition to Defendant's motion to dismiss, Plaintiff's letter in opposition to that motion (ECF No. 14) presented his own substantive arguments opposing dismissal, including that he: (1) engaged in a protected activity when he complained of a hostile work environment based on sexual orientation; (2) reasonably believed that the conduct he opposed was unlawful discrimination when he complained of the use of the term "faggot" in the workplace; and (3) that Defendant understood his complaints of the use of anti-gay slurs to be opposition to unlawful discrimination. Plaintiff's contentions to Defendant's arguments for dismissal have both merit and sound basis in current case law. ("With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious.") *Giuffre v. Maxwell*, No. 15-cv-07433 (RWS), 2016 U.S. Dist. LEXIS 6638, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). Even assuming *arguendo* that Defendant's principal arguments for dismissal had any merit (they do not), Plaintiff's own arguments already proffered, and upon which Plaintiff will oppose Defendant's 12(b)(6) motion, belie any conclusion that Defendant has made a "strong showing" that Plaintiff's claims are unmeritorious.

For the foregoing reasons, Plaintiff does not consent to a stay in discovery in this matter.

Sincerely,

**Phillips & Associates, PLLC**
*/s/ Blake L. Ferris*
Blake L. Ferris, Esq.

Defendant's motion to stay discovery, Dkt. 22, is denied.  Defendant has failed to demonstrate that the relevant factors point in favor of a stay.  *See, e.g.*, *Dunning v. Supergoop, LLC*, No. 23 Civ. 11242 (JPC), 2024 WL 2326082 (S.D.N.Y. May 22, 2024).  The Clerk of Court is respectfully directed to close Docket Number 22.

SO ORDERED
Date: February 24, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge