**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
 VIKTOR LESHCHENKO,

                              Plaintiff,                   **Civil Action No.: 24-cv-08790**

    -against-

 GO NEW YORK TOURS, INC. d/b/a                  **STIPULATED**
 TOPVIEW,                                                                   **CONFIDENTIALITY**
                                                                                         **AGREEMENT AND**
                                                                                         **PROTECTIVE ORDER**

                              Defendant.
-----------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED** by the Parties, through their undersigned counsel, that this Stipulated Confidentiality Agreement and Protective Order (the "**Order**") governs the disclosure and use of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information disclosed or provided in this Action.

    1.    **Definitions.** The following definitions apply in this Order.

        a.    The "Action" means the above-captioned lawsuit pending before the United States District Court for the Southern District of New York. It does not include proceedings before any other court or any administrative or governmental agency or commission, regardless of any relation to this Action, the Parties, or the facts alleged.

        b.    "Attorneys Eyes Only Information" or "Attorneys Eyes Only" means Confidential Information that, if disclosed to another Party or to a non-party, would create a substantial risk of serious harm to the Designating Party.

        c.    "Challenging Party" means a Party that challenges the designation of information or items under this Order.

1

d.    "Confidential Information" or "Confidential" means information (regardless of how it is generated, stored, or maintained) or tangible things that are proprietary, secret, and/or not generally known by the public or in the public domain. Examples of Confidential Information include:

    i.    trade secrets;

    ii.    non-public proprietary information,

    iii.    non-public personnel information, including non-public information about employees, contractors, and others performing services for a business;

    iv.    non-public information of a personal or intimate nature;

    v.    non-public protected health information, including medical and/or mental health treatment records;

    vi.    non-public financial information, including profitability reports, sales reports, and sales margins;

    vii.    non-public tax documents;

    viii.    non-public business plans, practices, and strategies;

    ix.    non-public product and service development plans, and marketing plans;

    x.    non-public information relating to the ownership or control of any privately-owned company;

    xi.    non-public electronic correspondence (*e.g.*, emails, text messages, and messages exchanged through messaging software, such as WhatsApp, Telegram, and Signal);

    xii.  other non-public information that, in the good faith judgment of the designating Party would, if publicly disclosed, be detrimental to that Party's business or reputation, or to the business or reputation of that Party's customers, clients, business partners, or workers;

    xiii.  any other category of information so-designated by the Court in its discretion.

  e.  "Counsel" means counsel of record in this Action, including their law firms, partners, employees, and other affiliated attorneys (*e.g.*, counsel, special counsel, etc.).

  f.  "Designating Party" means a Party that designates Disclosure or Discovery Material as Confidential or Attorneys' Eyes Only.

  g.  "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

  h.  "Expert" means a person who has been engaged by a Party or its Counsel to serve as an expert witness (*i.e.*, testifying expert) or consultant (*i.e.*, consulting expert) in this Action, as well as a person who is in discussions with a Party or its Counsel to be so-engaged.

  i.  The "final disposition" of the Action means the date the Action is dismissed and no longer subject to appeal.

  j.  "Inadvertently Disclosed Information" means information a Party inadvertently discloses and that is subject to a claim of attorney-client privilege, work product protection, or other similar privilege or protection.

    k. "Legal Process" means a subpoena, court order, or other legal or administrative process.

    l. "NDA" means the Non-Disclosure Agreement attached as Exhibit A.

    m. A "non-party" means any natural person, partnership, corporation, association, or other legal entity that is not a Party.

    n. "Party" means the individuals and entities named in the caption of the Action, as well as their officers, directors, workers, and Counsel.

    o. "Producing Party" means a Party or non-party that produces Disclosure or Discovery Material in this Action.

    p. "Protected Material" means Disclosure or Discovery Material that is designated as Confidential or Attorneys' Eyes Only.

    q. "Receiving Party" means a Party that receives Disclosure or Discovery Material.

    r. "Rule 502(d) Order" means an order pursuant to Rule 502(d) of the Federal Rules of Evidence.

    s. "Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data) and their workers and subcontractors.

  2. **Scope**. This Order protects Protected Material. It does not protect:

    a. information that is generally known by the public or in the public domain, so long as the public nature of the information is not the direct or indirect result of a violation of this Order;

    b.  information known to the Receiving Party before disclosure by the Producing Party;

    c.  information the Receiving Party learns as a result of its independent efforts, investigation, or inquiry;

    d.  information the Receiving Party obtains from a non-party, but only if the non-party obtained it lawfully and not in violation of any agreement or duty of confidentiality.

  3.  **Trial.** The use of Protected Material at trial will be governed by a separate order. To that end, at least 30 calendar days before the close of discovery, Counsel must meet and confer (in-person or by telephone) regarding the use of Protected Material at trial, and work in good faith to reach an agreement regarding the same. Such agreement must be filed with the Court pursuant to Rule 7(B) of the Court's Individual Rules and Practices in Civil Cases (Joint Proposed Pretrial Orders). If, by the close of discovery, the Parties have not reached an agreement regarding the use of Protected Material at trial, they must seek judicial intervention by joint letter to the Court pursuant to Rule 1(A) of the Court's Individual Rules and Practices in Civil Cases (Communications with Chambers; Letters).

  4.  **Duration.** This Order survives the final disposition of the Action. According, even after final disposition, the confidentiality obligations imposed by this Order will remain in effect unless and until a Designating Party agrees otherwise in a signed writing, or the Court orders otherwise.

  5.  **Designating Protected Material.**

    a.  <u>Documents.</u>

      i.  For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other

|      | pretrial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each electronic image or page of a document containing or reflecting Protected Material. The Producing Party must make a document-level determination as to the appropriate confidentiality designation, and that designation applies to the entire document. A Receiving Party may request that a Producing Party identify which portions of a document are Confidential or Attorneys' Eyes Only. The Producing Party must respond to any such request within five business days of receipt. |
|------|---|
| ii.  | Notwithstanding the foregoing, a Party that makes documents or materials available for inspection (instead of producing them), is not required to designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection must be treated as Attorneys' Eyes Only. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each electronic image or page of a document containing Protected Material. |

      iii.      If a Producing Party produces two or more identical copies of a document, and at least one copy is designated as Confidential or Attorneys' Eyes Only, then all copies of the document must be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it must promptly notify the Producing Party. Once the Producing Party identifies or becomes aware of the discrepancy, it must promptly notify the Party in writing.

  b.    <u>Testimony.</u>

      i.      For testimony given in deposition or in other pretrial or trial proceedings, a Party must identify on the record, before the close of the deposition, hearing, or other pretrial proceeding, all protected testimony and specify the level of protection being asserted. Alternatively, a Party may specify at the deposition, hearing, or other pretrial proceeding, that the entire transcript must be treated as Confidential or Attorneys' Eyes Only. Within 10 business days of receiving the transcript, a Party may further specify and provide notice to the other Party of the specific portions of the testimony and exhibits that are Confidential or Attorneys' Eyes Only.

      ii.     A Party must give the other Party notice if it reasonably expects a deposition, hearing, or other pretrial proceeding to include Protected Material so the other Party can ensure that only

                          authorized individuals who have been informed of the terms of this Order are present. (Notwithstanding the foregoing, a Party's failure to provide such notice is not an admission that the testimony should not be designated as Protected Material.)

        iii.        The use of a document as an exhibit at a deposition, hearing, or other pretrial proceeding, does not affect its designation as Confidential or Attorneys' Eyes Only.

        iv.        Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages (including line numbers) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.

        v.        With respect to depositions, the Party taking the deposition must inform the court reporter of the requirements of this Section 5(b).

        c.        <u>Other Information and Tangible Items.</u> For information produced in a form other than documentary (Section 5(a)) or testimonial (Section 5(b)), and for any tangible items, the Designating Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the container(s) in which the information or item is stored.

        d.        <u>Inadvertent Failure to Designate.</u> Notwithstanding any other term or provision herein, the inadvertent failure to designate, or the unintentional disclosure of, Confidential or Attorneys' Eyes Only information is not a waiver or forfeiture, in whole or in part,

of the Designating Party's right to secure protection of such material under this Order or as otherwise contemplated pursuant to Rule 502 of the Federal Rules of Evidence. Any information or item not initially designated as Protected Material, but which contains Confidential or Attorneys' Eyes Only information, may be so designated by the Producing Party at a later time by advising the other Party in writing. In such event, the Receiving Party must make reasonable efforts to ensure that the later-designated material is treated as Confidential or Attorneys' Eyes Only, as applicable, depending on the Designating Party's designation.

    e. <u>Information Produced by the Other Party and by Non-Parties.</u> The Parties may designate information produced by non-parties and by the other Party as Confidential or Attorneys' Eyes Only, consistent with the terms of this Order. Notwithstanding the foregoing, nothing in this Order restricts, or permits another Party to restrict, a Party's use or disclosure of its own Protected Material.

  **6.** **<u>Challenging Confidentiality Designations.</u>**

    a. <u>Timing of Challenges.</u> Any Party may challenge a Designating Party's designation at any time, regardless of whether the Challenging Party promptly challenged the Designating Party's initial designation.

    b. <u>Meet-and-Confer.</u> A Receiving Party that wishes to challenge a Designating Party's designations must initiate a meet-and-confer with the Designating Party by providing written notice of each designation to be challenged, identifying each item by bates number or identifying number, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written challenge notice must state that a challenge to confidentiality is being made under Section 6 of this Order. The Parties must attempt to resolve each challenge in good faith and must begin the process of conferring (by telephone or in-person)

9

within seven calendar days of the date the Designating Party receives the Challenging Party's written notice challenging a designation. The meet-and-confer may be limited to one day, or may take place over several days. At least one business day before the meet-and-confer, the Designating Party must provide the Challenging party with a written statement explaining the basis for its designations. Within three business days of the meet-and-confer, the Challenging Party must notify the Designating Party in writing of whether it will withdraw its challenge to any or all of the Designating Party's designations.

      c.    <u>Motion Practice.</u> If the Challenging Party does not withdraw all of its designation challenges, the Designating Party must, within 14 calendar days of the conclusion of the meet-and-confer, move the Court for an order confirming that the Designating Party's challenged designations are proper. The Designating Party's motion, and the Challenging Party's response, must be pursuant to Rule 5(C) of the Court's Individual Rules and Practices in Civil Cases (Discovery Disputes).

    7.    **<u>Access to, and Use of, Protected Material.</u>** A Receiving Party may use Protected Material solely for prosecuting, defending, or attempting to settle this Action, and for no other purposes whatsoever. A Receiving Party may disclose Protected Material only to the categories of persons, and only pursuant to the conditions, described in this Order. Further, a Receiving Party must store Protected Material in a manner that ensures access is limited to those persons authorized under this Order.

      a.    <u>Disclosure of Confidential Information.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to:

        i.    its Counsel;

      ii.      its officers, directors, employees, and other workers to whom disclosure is reasonably necessary to litigate this Action;

      iii.      its Experts, but only if they have signed the NDA;

      iv.      the Court and its personnel;

      v.      any court that a Party petitions for discovery of a non-party, and any appellate court;

      vi.      any witness who Counsel, in good faith, believes many be called to testify at trial or deposition in this Action, but only if such person has first executed the NDA;

      vii.      witnesses at depositions and other pretrial proceedings, but only if they have signed the NDA;

      viii.      any mediator engaged by the Parties or appointed by the Court in connection with this Action;

      ix.      court reporters and their staff, professional jury or trial consultants, and Vendors to whom disclosure is reasonably necessary to litigate this Action and who have signed the NDA; and

      x.      the author or recipient of a document containing or reflecting Confidential Information.

    b.    <u>Disclosure of Attorneys' Eyes Only Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Attorneys' Eyes Only Information only to:

      i.      its Counsel;

    ii.    its Experts, but only if they have signed the NDA, and the procedures in Section 7(c) have been followed;

    iii.    the Court and its personnel;

    iv.    any court that a Party petitions for discovery of a non-party, and any appellate court;

    v.    any witness who Counsel, in good faith, believes many be called to testify at trial or deposition in this Action, but only if such person has first executed the NDA;

    vi.    witnesses at depositions and other pretrial proceedings, but only if they have signed the NDA;

    vii.    any mediator engaged by the Parties or appointed by the Court in connection with this Action;

    viii.    court reporters and their staff, professional jury or trial consultants, and Vendors to whom disclosure is reasonably necessary to litigate this Action and who have signed the NDA; and

    ix.    the author or recipient of a document containing or reflecting Attorneys' Eyes Only Information.

c. <u>Procedures for Approving, or Objecting to Disclosure of, Attorneys' Eyes Only Information to Experts.</u>

    i.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party that wishes to disclose Attorneys' Eyes Only Information to an Expert must first make a written request to the Designating Party. As part of the written

      request, the Receiving Party must that: (1) provide the Expert's full name and city and state of primary residence; (2) certify that the Expert has signed the NDA; and (3) attach a copy of the Expert's resume or Curriculum Vitae.

  ii. A Receiving Party that makes the request required by Section 7(c)(i) may disclose the Attorneys' Eyes Only Information to the identified Expert unless the Designating Party objects in writing within 10 calendar days of receiving the Receiving Party's request. The Designating Party must explain the reason(s) for its objection.

  iii. A Receiving Party that receives a timely objection from the Designating Party under Section 7(c)(ii) must, within seven calendar days of receiving such objection, meet and confer with the Designating Party to try and resolve the dispute. The meet-and-confer may be conducted by telephone or in-person. If no agreement is reached, the Designating Party must comply with the procedures described in Rule 5(C) of the Court's Individual Rules and Practices in Civil Cases (Discovery Disputes).

8. **<u>Protected Material Subpoenaed or Ordered in Other Proceedings.</u>**

 a. If a Receiving Party is served with Legal Process issued in another litigation or in an administrative proceeding that compels disclosure of Confidential Information or Attorneys' Eyes Only Information, the Receiving Party must:

  i. within five calendar days of receipt, notify the Designating Party in writing, and provide a copy of the Legal Process; and

        ii.        promptly notify the person or entity who issued the Legal Process or caused it to issue, that some or all of the material covered by the Legal Process is subject to this Order, and provide a copy of this Order.

    b.    The Designating Party must notify the Receiving Party within seven calendar days of receiving the Receiving Party's notice of Legal Process whether the Designating Party intends to seek a protective order to avoid disclosure of the Confidential or Attorneys' Eyes Only information.

    c.    If the Designating Party timely notifies the Receiving Party that it intends to move for a protective order, it must do so within seven calendar days of its notice to the Receiving Party.

    d.    If the Designating Party timely moves for a protective order, the Receiving Party must not produce the Protected Materials until a court of competent jurisdiction rules on the Designating Party's protective order, unless the Designating Party consents in writing to the Receiving Party's production.

    e.    If the Designating Party fails to timely notify the Receiving Party of its objection and to timely move for a protective order, as required under this Section 8, the Receiving Party may produce the Protected Materials in response to the Legal Process.

    f.    Nothing in this Section 8 authorizes or encourages a Receiving Party to disobey a lawful directive from another court.

9.    **<u>Unauthorized Disclosure of Protected Material.</u>** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly: (1) notify the

14

Designating Party in writing about the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (4) request such person or persons execute the NDA.

10. **<u>Inadvertent Production of Privileged or Otherwise Protected Material.</u>**

a. If a Producing Party produces Inadvertently Disclosed Information, such production is not a waiver or forfeiture of any claim of privilege or work production protection with regard to the Inadvertently Disclosed Information or its subject matter.

b. When a Producing Party gives notice to a Receiving Party that it has produced Inadvertently Disclosed Information, the obligations of the Receiving Party are those in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Within five business days of receiving such notice, the Receiving Party must certify in writing to the Producing Party that it has complied with its obligations under Rule 26(b)(5)(B) regarding the return, sequestration, destruction, and retrieval of the Inadvertently Disclosed Information.

c. Within five business days of receiving the Receiving Party's notification that it has complied with its obligations under Rule 26(b)(5)(B) regarding the return, sequestration, destruction, and retrieval of the Inadvertently Disclosed Information, the Producing Party must provide the Receiving Party with a privilege log with respect to the Inadvertently Disclosed Information.

d. Even if the Receiving Party objects (or intends to object) to the Producing Party's privilege or protection claim, it must refrain from any use, disclosure, or dissemination of the Inadvertently Disclosed Information in any way (including using the information at depositions or other pretrial proceedings), except to challenge the claim of privilege or protection, as permitted

herein, until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information.

    e.  If the Receiving Party intends to challenge the Producing Party's claim of privilege or protection with resect to any of the Inadvertently Disclosed Information, the Receiving Party must notify the Producing Party, in writing, of its intent to do so within five business days of receiving the Producing Party's privilege log regarding the Inadvertently Disclosed Information. Within five business days of the Producing Party's receipt of such notification, the Producing Party and the Challenging Party must meet and confer in an effort to resolve any disagreement concerning the Producing Party's claim of privilege or work product protection.

    f.  If the Parties do not resolve their disagreement after conducting the meet-and-confer, the Challenging Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. Pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the Challenging Party's motion must be filed under seal. The motion must not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

    g.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order limits the right of any Party to request an *in camera* review of Inadvertently Disclosed Information.

    h.  Insofar as the Parties are subject to a Rule 502(d) Order, such order is hereby incorporated by reference with regard to the effect of disclosure of a communication or information covered by the attorney-client privilege, work product protection, or another privilege or protection. Nothing herein the procedures established by the 502(d) Order.

  11.  **Miscellaneous.**

      a.      <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      b.      <u>Burdens of Proof.</u> Nothing herein changes the burdens of proof established under applicable law.

      c.      <u>Non-Admission.</u>

          i.      Nothing in this Order, nor any designation hereunder, nor any failure to make such designation, is or can be used or characterized by any Party as an admission by a Party or a Party opponent.

          ii.      The designation of information as Confidential or Attorneys' Eyes Only is not an admission that the Protected Material is relevant to a Party's claims or defenses, nor subject to an applicable privilege or protection.

          iii.      Nothing in this Order is an admission that any particular Protected Material is entitled to protection under this Order, Rule 26(c) of the Federal Rules of Civil Procedure, or any other law.

      d.      <u>Jurisdiction.</u> This Court retains jurisdiction over all persons subject to this Order, including after the final disposition of the Action, to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

      e.      <u>Right to Assert Other Objections.</u> Neither Party waives any right it otherwise has to object to disclosing or producing any information or item on any ground permitted by law. Also, neither Party waives any right to object to the use in evidence of any material covered by this Order.

    f. <u>Notice.</u> Except for notifications required to be filed on ECF, all notifications under this Order must be transmitted by email to Counsel at the email addresses listed in the docket report for this Action on ECF. Notice by email is effective upon transmission. The Parties and Counsel waive personal service and service by mail.

    g. <u>Filing Protected Material.</u> Before filing Protected Material with the Court, including all portions of pleadings, motions, and other papers that disclose Protected Material, the filing Party must seek leave to file the Protected Material under seal pursuant to Rule 4(B)(ii) of the Court's Individual Rules and Practices in Civil Cases (Redactions and Sealed Filings).

  12. **<u>Final Disposition.</u>** Unless otherwise agreed in writing between the Parties, within 30 calendar days of the final disposition of this Action, each Receiving Party must return all Protected Material to each Producing Party or destroy such material. As used in this Section 12, "all Protected Material" includes all copies, abstracts, compilations, summaries of the Protected Material. Also within 30 calendar days of the final deposition of this Action, the Receiving Party must provide the Producing Party (and, if not the same person or entity, the Designating Party) with written certification that all Protected Material that was returned or destroyed. Notwithstanding the foregoing, Counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contains and/or reflects Protected Material. Any such archival copies that contain or reflect Protected Material remain subject to this Order.

        **[SIGNATURE PAGE FOLLOWS]**

**SO STIPULATED AND AGREED.**

PHILLIPS & ASSOCIATES, PLLC          BARTON LLP

*/s/ Blake L. Ferris*                */s/ Maurice N. Ross*

Blake L. Ferris, Esq.                Maurice N. Ross, Esq.
45 Broadway, Suite 420               711 Third Avenue, 14th Floor
New York, New York 10006             New York, New York 10017
(212) 248-7431                       (212) 885-8845
bferris@tpglaws.com                  mross@bartonesq.com

*Attorneys for Plaintiff*            *Attorneys for Defendant*

**SO ORDERED.**

Dated: May 15, 2025
       New York, New York            _____
                                     HON. JOHN P. CRONAN
                                     United States District Judge

19

**EXHIBIT A**

**UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
VIKTOR LESHCHENKO,

                                Plaintiff,                  Civil Action No.: 24-cv-08790

        -against-

GO NEW YORK TOURS, INC. d/b/a                **NON-DISCLOSURE AGREEMENT**
TOPVIEW,

                              Defendant.
-----------------------------------------------------------X

     I _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**") governing the use and non-disclosure of Protected Material in the Action. I acknowledge that this NDA is attached to the Protective Order as Exhibit A, and that this NDA incorporates the definitions of the Protective Order.

     I agree that I will not use or disclose Protected Material to anyone other than for purposes of litigating this Action, and that I will comply with the Protective Order in all other respects. I further agree that, at the conclusion of the Action (or when otherwise directed), I will promptly return all Disclosure or Discovery Material to the Party or Counsel that provided it to me.

     By acknowledging my obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____        _____
Dated                                                    Signature